Alvah I. Winslow & Virginia Winslow v. Commissioner.
Winslow v. Commissioner
Docket No. 191-63.
United States Tax Court
T.C. Memo 1964-318; 1964 Tax Ct. Memo LEXIS 18; 23 T.C.M. (CCH) 1978; T.C.M. (RIA) 64318; December 15, 1964
*18 Francis J. DiMento, for the petitioners. Sanford S. Kirshenbaum, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined deficiencies in petitioners' income tax for the years 1959 and 1960 in the amounts of $310.96 and $90.61, respectively. Many issues which were raised by the statutory notice of deficiency have been settled or are not contested. At issue now are the amounts of deductions allowable for each of the years involved for travel expenses of Alvah I. Winslow, and cigarette excise taxes paid to the State of Massachusetts. Petitioners are husband and wife who live in Foxboro, Massachusetts. They filed their joint income tax return for the years involved with the district director of internal revenue for the District of Massachusetts. In their returns they reported Alvah's salary income as an engineer from Raytheon Co., Wayland, Massachusetts, in excess of $13,000 each year, and from Bethany Cong. Church, Foxboro, Massachusetts, as an organist, in the sum of $1,840 in 1959 and $2,000 in 1960. Also in said returns petitioners took deductions of $480 and $432 in 1959 and 1960, respectively, for travel expenses for Alvah in *19 connection with his position as an organist. Respondent disallowed these deductions for 1959 and 1960 to the extent of $379.20 and $336, respectively. In their returns for 1959 and 1960 petitioners took deductions for state cigarette taxes paid in the amounts of $90 and $130.68, respectively. Respondent disallowed all over $60 for each year for such tax deduction. Wayland, where Alvah worked as an engineer, is about 30 miles from Foxboro, where he lived and where the church is located. It was Alvah's testimony that he used his automobile to drive from his home in Foxboro to Wayland and back to Foxboro on each week day, Monday through Friday. However, on about 40 Thursdays of each year he drove from Wayland directly back to the Church in Foxboro for evening rehearsal that lasted from about 7:30 p.m. to 11:00 p.m. He played the organ in the Church in Foxboro for 48 Sundays in each year and he used the car to travel from his home in Foxboro to the Church. As stated, his home was in Foxboro. His children attended school in Foxboro and he voted in Foxboro. The 1959 income tax return had the following explanation for the travel deduction: Travel (Wayland, Mass. is Tax home - 30 *20 miles to Foxboro - twice week @ round trip = 120 miles per week = 6000 miles annual @ 8" per mile. $480.00. The 1960 return had a much similar explanation for the travel deduction. It is obvious from the statements on the returns and the confused testimony of Alvah that he had some thought that deductible travel expenses would include two round trips bewteen Foxboro and Wayland each week. Respondent allowed the Thursday evening travel, about 30 miles, between the Raytheon job at Wayland, that ended at about 5:00 p.m. and the Church job at Foxboro that started at 7:00 p.m. as necessary transportation from one job to another. Petitioner did not sustain his burden of showing he was entitled to more travel expenses, for each of the years involved, than the amounts not disallowed by respondent's determination. It is stipulated that the excise tax on cigarettes was 6 cents per package during 1959 and 1960. Alvah testified he and his wife, Virginia, smoked a total of five packs of cigarettes a day, which he bought in Massachusetts, and he computed the tax he paid at $109 for each of the years involved. Alvah's deduction of $90 for 1959 would indicate purchases of about 4 packs a day. *21 Respondent's allowance ( $60 a year) represents purchases of a little less than 3 packs a day. Virginia did not testify. We hold $75 a year should be allowed for such cigarette tax deduction. Decision will be entered under Rule 50.